UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-8156-WM

UNITED STATES OF AMERICA

v.

ARNULFO HERNANDEZ-MORALES,

Defendant.
_____/

FILED BY ___SW___ D.C.

Mar 3, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  ☐ Yes  ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes  ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?
   ☐ Yes  ☑ No

4. 4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes  ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: _____
AURORA FAGAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.    188591
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:   (561) 820-8711
Fax:   (561) 820-8777
Email: Aurora.Fagan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 26-8156-WM |
| ARNULFO HERNANDEZ-MORALES, | ) |
| | ) |
| | ) |
| Defendant(s) | |

FILED BY ____SW____ D.C.

Mar 3, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 1, 2026__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after removal. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Richard Soto Valentin, U.S. Border Patrol Agent
Printed name and title

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: March 3, 2026

_____
Judge's signature

City and state:   West Palm Beach, FL

William Matthewman, Chief U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Soto Valentin, being duly sworn, depose and state as follows:

1.  I am a Border Patrol Agent ("BPA") for the U.S. Department of Homeland Security, United States Border Patrol, and have served in that position for nineteen (19) years. I am currently assigned to the West Palm Beach Border Patrol Station in Riviera Beach, Florida. Previously, from January 2019 to June 2022, I was assigned as a Prosecution Agent to the West Palm Beach Station. Form February 2015 to March 2017, I was detailed to the Drug Enforcement Administration ("DEA") Resident Office in Port St Lucie, Florida. During my tenure at the DEA, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering. From March 2012 to June 2014, I was detailed to Homeland Security Investigations ("HSI") in Arecibo, Puerto Rico. During my tenure at HSI, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering and illegal weapons violations. Prior to becoming a Federal Agent, I was a state Criminal Investigator in the Puerto Rico Police Department for a period of eleven (11) years. I was assigned to the Narcotic Division as a Criminal Investigator. I have attended the United States Border Patrol Agent Academy, at the Federal Law Enforcement Training Center, in Artesia, New Mexico. I have received specialized training regarding the investigation and enforcement of United States Immigration Laws. In the capacity of a Border Patrol Agent, I am charged with enforcing federal administrative and criminal laws under Titles 8, 18, 19, and 21 of the United States Code. As a federal law enforcement agent, I have the authority to conduct investigations, make arrests, execute search warrants, and take sworn statements.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Arnulfo HERNANDEZ-MORALES ("HERNANDEZ-MORALES"), committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Section 1326 (a) (1).

3. On March 01, 2026, Florida Highway Trooper (FHT) Michael Zalewski conducted a traffic stop northbound on Interstate 95 (State Road 9) south of Donald Ross Road on a dodge charger for speeding. FHT Zalewski contacted the driver E.H.G. who advised FHT Zalewski he does not have a driver's license. The driver provided his Mexican Passport. According to FHT Zalewski, the passenger HERNANDEZ-MORALES did not have a driver's license either. The passenger provided a Mexican ID card.

4. FHT Zalewski was deputized by the federal government under 287G and was granted the authority to conduct immigration enforcement to identify individuals after acquiring reasonable suspicion of immigration status. FHT Zalewski using his 287G authority started an investigation into E.H.G. (Driver) and HERNANDEZ-MORALES (Passenger), immigration status. FHT Zalewski contacted U.S. Border Patrol to run immigration checks in both subjects. The checks returned and revealed that both subjects were illegally present in the U.S. FHT Zalewski detained both subjects.

Both subjects were transported to the Border Patrol station in Riviera Beach, Florida for further processing and investigation.

5. At the station, HERNANDEZ-MORALES's fingerprints were entered into the e3/New Generation Identification system, which queries the Department of Homeland Security (DHS) database, as well as the Federal Bureau of Investigation (FBI) database.

6. The query on HERNANDEZ-MORALES's fingerprints resulted in a positive match indicating that he had a prior immigration history under alien registration file A\*\*\*\*\*\*203, and FBI\*\*\*\*\*\*PD7. The immigration electronic records and alien file assigned to HERNANDEZ-MORALES shows that he is a native and citizen of Mexico.

7. Investigation revealed that On April 01, 2012, Border Patrol Agents from Tucson, Arizona encountered and arrested HERNANDEZ-MORALES for being illegally present in the U.S. HERNANDEZ-MORALES was processed as an Expedited Removal. On April 03, 2012, HERNANDEZ-MORALES was removed from Nogales, Arizona to his native country, Mexico. On November 11, 2024, Border Patrol Agents from El Paso, Texas encountered and arrested HERNANDEZ-MORALES for being illegally present in the U.S. HERNANDEZ-MORALES was processed as an administrative Reinstatement. On November 12, 2024, HERNANDEZ-MORALES was removed from Nogales, Arizona to his native country, Mexico.

8. The record checks through the Department of Homeland Security (DHS) CLAIMS database failed to locate any evidence indicating that HERNANDEZ-MORALES had applied for or received permission from the appropriate government officials to lawfully reenter the United States.

9. Based on the foregoing, I submit that probable cause to believe exists that, on or about March 01, 2026, HERNANDEZ-MORALES, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a) (1).

Richard Soto Valentin
Border Patrol Agent
United States Border Patrol

Subscribed and sworn to before me, by videoconference, in accordance with the requirements of Fed. R. Crim. P. 4.1, on this <u>3rd</u> day of March, 2026.

WILLIAM MATTHEWMAN
CHIEF UNITED STATES MAGISTRATE JUDGE

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** ARNULFO HERNANDEZ-MORALES

**Case No:** _____

Count #1

Illegal Re-entry after Removal

Title 8, United States Code, Section 1326(a)

* Max. Term of Imprisonment: 2 Years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 1 Year
* Max. Fine: $250,000
* Special Assessment: $100

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.